UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:23-cv-00486

———

**Rickey L. McGee,**
*Plaintiff,*

v.

**FNU Mitchell et al.,**
*Defendants.*

———

# ORDER

Plaintiff Rickey L. McGee, an inmate of the Texas Department of Criminal Justice proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b).

On June 10, 2024, the magistrate judge issued a report recommending that defendants' motion for summary judgment (Doc. 21) be granted and this case be dismissed due to plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act. Doc. 25. Plaintiff filed a written objection to the report. Doc. 28.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal because defendants submitted evidence of plaintiff's grievance history that established that he did not exhaust his administrative remedies about the alleged incidents underlying his lawsuit. Doc. 21-1. In his objection, plaintiff simply repeats his allegations that a grievance coordinator thwarted his efforts to exhaust by destroying or mishandling grievances he submitted on or about July 7, 2023. Doc. 28. But plaintiff presents no evidence or facts to support this conclusory allegation, which is contradicted by the record showing that his claims were carefully documented, investigated, and processed. Doc. 21-1. No reasonable factfinder could conclude based on

the record before the court that plaintiff exhausted all administrative remedies on his claims.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. Defendants' motion for summary judgment (Doc. 21), which applies equally to all moving and non-moving defendants, is granted. This case is dismissed without prejudice for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a).

*So ordered by the court on July 18, 2024.*

J. CAMPBELL BARKER
United States District Judge